IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>        Defendants. | Case No. 24-cv-1611 |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL**

Plaintiff files this Motion requesting leave to file the following documents under seal: (1) Exhibits 1 to Plaintiff's redacted Complaint, which constitutes the Certificates of Registration for Plaintiff's copyrighted work asserted in this action, together with the work itself; (2) Plaintiff's unredacted Complaint, and the accompanying exhibits, which include additional allegations reflecting the Parties' identities, the disclosure of which would compromise the confidentiality of Plaintiff's *Ex Parte* Motion for Temporary Restraining Order, including a Temporary Injunction, a Temporary Asset Restraint, Expedited Discovery ("Plaintiff's TRO Motion"); (3) Schedule A attached to the redacted Complaint and unredacted Complaint, which constitutes a list of the Defendant Online Marketplace Accounts; and (4) Plaintiff's unredacted Memorandum in support of its TRO Motion, and accompanying supporting declaration and exhibits, which include screenshot printouts showing the infringing Defendant Internet Stores as well as information regarding Plaintiff and Plaintiff's pertinent products.

In this action, Plaintiff is requesting temporary *ex parte* relief based on an action asserting copyright infringement. Sealing of the files is necessary to prevent Defendants from learning of these proceedings prior to execution of the temporary restraining order.

If Defendants were to learn of these proceedings prematurely, the likely result would be the destruction of relevant documentary evidence, the hiding of assets and/or transferring of assets to foreign jurisdictions, and the refusal of Defendants to participate in the case. Such maneuvering would frustrate the purpose of the underlying law and would interfere with, and likely entirely undermine, Plaintiff's ability to secure relief.

|  |  |
|---|---|
| Dated: February 27, 2024 | Respectfully submitted, |
|  | /S/BRANDON BEYMER<br>BRANDON BEYMER (ARDC NO. 6332454)<br>DALIAH SAPER (ARDC NO. 6283932)<br>SAPER LAW OFFICES, LLC<br>505 N. LASALLE, SUITE 60654<br>CHICAGO, ILLINOIS 60654<br>(312) 527-4100<br>BRANDON@SAPERLAW.COM<br>DS@SAPERLAW.COM<br><br>ATTORNEYS FOR PLAINTIFF |